UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS TAPIA FIERRO, | 1: 06 CV 00859 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 22, 26] |
| UNITED STATES ATTORNEY GENERAL, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court are two motions to dismiss. Petitioner opposes the motions.

**PROCEDURAL HISTORY**

On April 16, 1999, a jury found Petitioner guilty of involuntary manslaughter and found true the allegation that Petitioner used a deadly and dangerous weapon in the commission of the offense. Petitioner filed numerous direct appeals and collateral challenges to his conviction in state court.

Thereafter, as a result of his conviction, Petitioner was deported by United States Immigration and Customs Enforcement ("ICE").

Petitioner was subsequently found in the District of Arizona and prosecuted for illegal entry under 8 U.S.C. Section 1326. The government used Petitioner's involuntary manslaughter conviction to enhance the maximum penalty. Under § 1326(a), (b)(2), Petitioner's potential maximum sentence was increased from two years to 20 years. Petitioner was then placed in federal custody.

On August 19, 2005, Petitioner filed a habeas petition under 28 U.S.C. § 2241 in the Central District of California. In that petition, Petitioner challenged the decision of the Immigration Judge who initially ordered him removed following his involuntary manslaughter conviction. The court dismissed the petition on May 25, 2006. In addition, the court refused to grant Petitioner's request to transfer the case to the Court of Appeals under the Real Id Act.

Petitioner filed a request to conduct a hearing to vacate his involuntary manslaughter conviction claiming a denial of his rights under the Vienna Convention. The Stanislaus County Superior Court rejected this request on July 27, 2004. The Court of Appeals affirmed this rejection on September 15, 2005.

On October 27, 2005, Petitioner filed a petition for writ of habeas corpus in Superior Court restating his claims under the Vienna Convention. The Superior Court rejected this petition on November 2, 2005. The Court of Appeal rejected the petition on January 9, 2006. Finally, the California Supreme Court denied the petition on April 12, 2006.

On June 29, 2006, while serving his federal sentence for violating 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2), Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner names as Respondent, "U.S. Attorney General, et al."[1]

**LEGAL STANDARD**

JURISDICTION

---

[1] A certain amount of confusion has resulted from Petitioner naming a federal official in this petition challenging his state conviction. Fortunately, both the United States and the State of California have answered the petition.

1    Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
2 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
3 the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.
4 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by
5 the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus
6 County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a);
7 2241(d).

8    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
9 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
10 Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
11 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97
12 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
13 *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable
14 to cases filed after statute's enactment). The instant petition was filed after the enactment of the
15 AEDPA, thus it is governed by its provisions.

16 STANDARD OF REVIEW

17    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
18 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
19 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

20    The AEDPA altered the standard of review that a federal habeas court must apply with
21 respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.
22 Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will
23 not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
24 involved an unreasonable application of, clearly established Federal law, as determined by the
25 Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
26 determination of the facts in light of the evidence presented in the State Court proceeding." 28
27 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
28 Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

In this petition filed pursuant to Section 2254, Petitioner challenges the constitutionality of his state court conviction on the ground that he was not advised upon his arrest of his right under the Vienna Convention to seek advice and representation from the Mexican consulate.

Relief by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. It is undisputed in this case that Petitioner's state prison sentence has been fully served. The United States Attorney General correctly argues in his motion to dismiss that because Petitioner has completely served his state sentence, he is no longer "in custody pursuant to the judgment of the State court" within the meaning of 28 U.S.C. § 2254(a). See Maleng v. Cook, 490 U.S. 488, 492 (holding that a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted). This is the case even though the calculation of his

2002 federal sentence, which he was serving at the time he filed this petition, was affected by his prior state court convictions.  See Brown v. Warden, 315 F.3d 1268, 1270 (10th Cir. 2003) ("A prisoner who has completely served his state sentence is not entitled to habeas relief under § 2254 even if the state sentence affected the calculation of his federal sentence.").

To the extent that Petitioner may wish to recharacterize this petition as a motion to correct or vacate sentence under 28 U.S.C. § 2255, relief is still unavailable.  Absent the limited circumstance of a violation of the right to counsel, "a § 2255 motion is [not] an appropriate vehicle for determining whether a conviction later used to enhance a federal sentence was unconstitutionally obtained."  Daniels v. United States, 532 U.S. 374, 381 (2001).   In this case, Petitioner makes no claim of a violation of the right to counsel.

Finally, the court cannot grant Petitioner's request to recharacterize this petition was one pursuant to 28 U.S.C. Section 2241.  Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A petitioner's claims are proper under 28 U.S.C. § 2241 if  they concern the manner, location or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence.  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies). Here, Petitioner is attempting to bring a challenge related to an underlying state court conviction, not one related to the manner, location or condition of the execution of his federal sentence.  Therefore, relief under § 2241 is not available to Petitioner.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)   The motion to dismiss by the United States Attorney General is HEREBY GRANTED [Doc. 26] ;

2)   The motion to dismiss by the California Attorney General is HEREBY GRANTED [Doc. 22];

3)   This petition for writ of habeas corpus is DISMISSED for lack of jurisdiction;

1  4)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

3  IT IS SO ORDERED.

4  **Dated:    January 28, 2008**              /s/  William M. Wunderlich
                                               UNITED STATES MAGISTRATE JUDGE